# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

MICHAEL REILLY,

                Plaintiff,

-vs-                                          Case No. 2:09-cv-129-FtM-29SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Defendant, Commissioner of Social Security's Motion to Dismiss and Memorandum in Support of the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. #19) filed on March 15, 2010. The Plaintiff filed his Response (Doc. #20) on March 22, 2010. The Motion is now ripe for review.

## FACTS

The Plaintiff applied for Social Security disability benefits on September 15, 1987. The Plaintiff was subsequently awarded disability benefits. On March 11, 2008, the Lee County Sheriff's Office (LCSO) issued a warrant for a Violation of Probation against the Plaintiff. The Commissioner of Social Security was informed of the warrant by the National Crime information Center on April 1, 2008. The Plaintiff was arrested and placed in the custody of the Lee County jail on May 2, 2008.

On May 18, 2008, the Social Security Administration informed the Plaintiff that his disability benefits had been discontinued on March 11, 2008, because of his status as a fugitive felon. At that time, the Social Security Administration explained to the Plaintiff that the law prohibited the payment of benefits to individuals who have violated a condition of probation or parole under federal or state law.

On June 28, 2008, the Commissioner of Social Security informed the Plaintiff that his disability benefits would be reduced for March 2008 through May 2008 due to the Plaintiff's outstanding arrest warrant for violation of a condition of probation. The Notice informed him that he would not be overpaid for the months that he had an outstanding felony warrant. The Plaintiff was also informed that he could contact the Commissioner and provide proof that the warrant had been withdrawn, and if so, his payments would not be docked.

The Notice gave the Plaintiff ninety (90) days from the date of the letter to contact the Social Security Administration and present evidence disputing the finding that he had received an overpayment of benefits for March, April, and May of 2008. The Notice continued that the Plaintiff had twelve (12) months from May 8, 2008, to contact the Social Security Administration and show that one of the two (2) exemptions to a finding of overpayment applied to his case. The Notice further gave the Plaintiff thirty (30) days to protest the Commissioner's determination to suspend his disability benefits and informed the Plaintiff that if he did not respond within thirty (30) days, the Social Security Administration would assume the information was correct and stop his disability benefits. The Notice continued that the Social Security Administration would send another letter explaining the change in his benefits, the amount of the overpayment, and how to appeal the Social Security Administration's decision. The Plaintiff had sixty (60) days from the date of the letter to

file his appeal. The Plaintiff failed to provide the Social Security Administration with any reason for an exemption nor did he file a formal appeal of the overpayment determination.

The Social Security Administration reinstated the Plaintiff's disability benefits on February 20, 2009, and sent him a letter on February 27, 2009, notifying him of the fact. In that letter the Commissioner explained that the Social Security Administration would withhold $2,025.00 from his retroactive benefits to recover the overpayment decision. The Plaintiff was notified that he had sixty (60) days to appeal that determination but no appeal was ever filed. The Plaintiff subsequently filed the instant case in this Court.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Bedasee v Fremont Investment & Loan, 2010 WL 98996 * 1 (M.D. Fla. January 6, 2010) (citing Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007); Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed.2d 413 (2002). However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555;

Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, -----U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed 2d 868 (2009). Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950). Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## DISCUSSION

The Defendant argues that the case should be dismissed on the following grounds: (1) the Plaintiff failed to exhaust his administrative remedies under the Social Security Act and therefore, this Court lacks subject matter jurisdiction over the case; and (2) even if the Court has jurisdiction, the Plaintiff's disability benefits were properly suspended as he was a fugitive felon. The Plaintiff objects to the Motion to dismiss arguing the actions of the Social Security Administration is a bill of attainder; the Court has concurrent jurisdiction over the case; and his case is timely presented to the Court regardless of the failure to exhaust because his First Amendment rights were violated.

## *(1) Whether the Plaintiff Failed to Exhaust his Administrative Remedies Denying the Court Jurisdiction*

Judicial review of claims arising under the Social Security Act is permitted only in accordance with 42 U.S.C. § 405(g). Forty-two U.S.C. § 405(g) provides that a claimant may commence a civil action for review of "any *final decision* of the Commissioner of Social Security made *after a hearing....*". Johnson v. Barnhart, 2006 WL 3507952 *2 (M.D. Fla. December 5, 2006) (emphasis in original). Moreover, 42 U.S.C. § 405(h) states in relevant part: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Id. The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." Id. (citing Califano v. Sanders, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977)).

The Act does not define the term "final decision;" therefore, "its meaning is left to the Commissioner to flesh out by regulation ."Johnson, 2006 WL 3507952 at *2 (citing Weinberger v. Salfi, 422 U.S. 749, 767, 95 S. Ct. 2457, 45 L. Ed. 2d 522 (1975)). The regulations, in turn, provide that a claimant must complete a four-step administrative review process before he or she can obtain a judicially reviewable final decision. Johnson, 2006 WL 3507952 at *2 (citing Schweiker v. Chilicky, 487 U.S. 412, 424, 108 S. Ct 2460, 101 L. Ed 2d 370 (1988)); *see* 20 C.F.R. § 416.1400(a)(5) ("When you have completed the steps of the administrative review process ... we will have made our final decision"). As such, it is clear that a plaintiff must complete the administrative review process in order for the Court to obtain jurisdiction over the case. Johnson, 2006 WL 3507952 at *2 (citing Salfi, 422 U.S. at 767 (stating that § 405(g) requires both a final decision and a hearing); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir.1983) (emphasizing the

importance of a hearing on the merits to satisfy the administrative exhaustion requirement)).

Here, it is clear that Plaintiff failed to exhaust his administrative remedies. The Plaintiff was given several notices on how to appeal the Commissioner's determination and the time frames in which to file said appeals. Yet, Plaintiff never appealed the Commissioner's decision to the Social Security Administration, and never sought a hearing in front of the Commissioner to contest the denial of his benefits. Although the Plaintiff states that he did supply the Social Security Administration with a transcript of the hearing in which the warrant was withdrawn in open court, he does not say when he presented that information. Further, the Office of the State Attorney did not in fact dismiss the warrant, but continued the action stating that Plaintiff was still on probation. Otherwise, Plaintiff presents no evidence that contests the Commissioner's position that he failed to exhaust his administrative appeals. Instead, Plaintiff filed the instant action in this Court rather than following the instructions on how to appeal the determination of overpayment sent to him by the Commissioner. Thus, Plaintiff failed to exhaust his administrative remedies. As such, pursuant to the terms set forth by Congress in 42 U.S.C. §§ 402(g) and (h), it is respectfully recommended this Court lacks jurisdiction over the issues raised by the Plaintiff in his Complaint, and the Motion to Dismiss should be granted.

*(2) Even If the Court had Jurisdiction the Commissioner's Decision would be Valid*

The Plaintiff contends that the Statute 42 U.S.C. § 402(x)(1)(A)(iv), which allows the Commissioner to suspend the Plaintiff's disability payments if the individual is a felony fugitive, violates several provisions of the United States Constitution. While the Plaintiff filed several objections regarding the Court's jurisdiction under the Social Security Act, the Plaintiff's objections lack merit. One of the Plaintiff's objections is that the denial of his benefits represents a bill of

attainder. The Constitution provides that "[n]o Bill of Attainder or *ex post facto* Law shall be passed." Avera v. United Air Lines, 2010 WL 419400 *11 (N.D. Fla. January 28, 2010) (citing U.S. Const. Art. 1, § 9, cl. 3); Houston v. Williams, 547 F.3d 1357, 1364 (11th Cir.2008). "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" Avera, 2010 WL 419400 *11 (citing Scheerer v. U.S. Attorney General, 513 F.3d 1244, 1253, n. 9 (11th Cir.2008) (citing Nixon v. Administrator of General Services, 433 U.S. 425, 468, 97 S. Ct. 2777, 2803, 53 L.Ed.2d 867 (1977)).

The Eleventh Circuit Court of Appeals has ruled that 42 U.S.C. § 402(x)(1)(A)(iv) does not violate the bill of attainder clause. Andujar v. Bowen, 802 F.2d 404, 405 (11th Cir.1986). One of the reasons the Statute does not violate the bill of attainder clause is that the Statute provides Plaintiff with numerous procedural protections. For example, the Statute allows for Plaintiff to contest the validity of the warrant or to appeal an adverse determination suspending the payment of benefits based upon several exceptions. Under the Statute, an individual can have their benefits restored if they present good cause to the Commissioner on appeal. Good cause reasons include showing: (1) the warrant was issued incorrectly in his name because someone stole his identity; (2) he was found not guilty of the criminal offense; (3) the underlying charges relating to the criminal offense were dismissed; (4) the warrant for his arrest for the criminal offense was withdrawn; or (5) he was otherwise cleared of the criminal offense. 42 U.S.C. §§ 402(x)(1)(B)(iii).

In this instance, the Plaintiff failed to present any information to the Commissioner on appeal that would demonstrate he had the requisite good cause to have his full benefits reinstated. Therefore, the Plaintiff was not denied a trial. The appeals process was in place, however, the

Plaintiff failed to take advantage of the process as established by the Statute. Thus, the Plaintiff was not subjected to a bill of attainder and his constitutional rights were not denied.

The Plaintiff's objection that this Court has concurrent jurisdiction over the Plaintiff's claim also fails. As noted by the Supreme Court in Califano v. Sanders, Courts are prohibited from reviewing particular types of agency review unless the statutes requirements are met first. 430 U.S. at 108. In this instance, the Plaintiff did not comply with the administrative exhaustion requirements in the Social Security Act, and therefore, this Court does not have the jurisdiction to review the Commissioner's decision. Johnson, 2006 WL 3507952 at *2 (citing Salfi, 422 U.S. at 767 (stating that § 405(g) requires both a final decision and a hearing)

The Plaintiff also states that the Statute delegates the power to the state to terminate a contract. However, the Plaintiff and the Social Security Administration had not entered into a contract.

While the Plaintiff argues that the Statute violates Art. 1, § 10 of the Constitution, he presents no evidence or argument to support his claim. Moreover, Courts have found that 42 U.S.C. § 402(x)(1)(A)(iv)& (v) is constitutional. Andujar v Bowen, 802 F. 2d 404, 405 (11th Cir. 1986). Therefore, even if the Court were to have jurisdiction over the Plaintiff's claim, it is respectfully recommended his claim lacks merit and the Motion to Dismiss should be granted.

## **CONCLUSION**

Based upon Plaintiff's failure to exhaust his administrative appeals, it is respectfully recommended the Court does not have jurisdiction over the issues raised by Plaintiff. Even if jurisdiction were found in this case, Plaintiff has failed to make a claim upon which relief can be

granted. Thus, it is respectfully recommended that the Defendant Commissioner of Social Security's Motion to Dismiss should be granted.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendant, Commissioner of Social Security's Motion to Dismiss the Plaintiff's Complaint (Doc. #19) should be **GRANTED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this ___15th___ day of April, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record